```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LETITIA GREEN,                              COMPLAINT

                    Plaintiff,              ECF Case

        -against-
                                            Civ No.
UNITED STATES OF AMERICA,


                    Defendant,
------------------------------------X
```

Plaintiff, LETITIA GREEN, by her attorneys, MORTON POVMAN, P.C., as and for her Complaint against the UNITED STATES OF AMERICA alleges as follows:

## THE PARTIES

1. Plaintiff, LETITIA GREEN, is a natural person who resides at 100 Terrace Avenue, Hempstead, New York, 11550.

2. Defendant, THE UNITED STATES OF AMERICA, is a sovereign governmental body responsible for the independent establishments of the United States and corporations primarily acting as instrumentalities or agencies of the United States.

## JURISDICTION AND VENUE

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b).

4. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C §§1391(a)(1) and (a)(2) because it is the judicial district in which the events or omissions giving rise to plaintiff's claim occurred.

5. On or about August 8, 2015 pursuant to 28 U.S.C. §2675(a), plaintiff presented a claim in writing to the United States Department of Health & Human Services, 330 C. Street, S.W., Switzer Building, Suite 2600, Washington, D.C. 20201.

6. On or about December 28, 2015 said United States Department of Health & Human Services denied Plaintiff's claim.

7. This action is brought within six (6) months after the date of mailing the Notice of Denial of the claim and is timely pursuant to 28 U.S.C. 2401(b).

8. Plaintiff has, in all respects, complied with all of the statutory prerequisites for the commencement and prosecution of this action.

## THE FACTS

9. On or about April 25, 2014 until on or about June 6, 2014 the United States of America by and through the United States Department of Health & Human Services employed a Physician by the name of Dr. Sami Ahmad.

10. On or about April 25, 2014 until on or about June 6, 2014 Dr. Sami Ahmad was a physician duly licensed to practice medicine in the State of New York.

11. On or about April 25, 2014 until on or about June 6, 2014 Dr. Sami Ahmad treated the plaintiff at medical facility owned and operated by Nassau Hospital Care Corp. and/or Nassau University Medical Center.

12. On or about April 25, 2014 until on or about June 6, 2014 the United States of America by and through the United States Department of Health & Human Services was vicariously liable for

the medical treatment rendered by Dr. Sami Ahmad to the plaintiff, LETITIA GREEN, for ovarion cysts.

13. On or about April 25, 2014 until on or about June 6, 2014 the plaintiff was treated by Dr. Sami Ahmad and by other physicians and nurses employed by and/or agents of the Nassau Hospital Care Corp. and/or Nassau University Medical Center for medical treatment of ovarian cysts at medical facilities owned and operated by Nassau Hospital Care Corp. and/or Nassau University Medical Center.

14. That at all times hereinafter mentioned that on or about April 25, 2014 the plaintiff underwent a lysis of adhesions and excision of right ovarian cyst wall performed by Dr. Sami Ahmad.

15. That at all times hereinafter mentioned that from on or about April 25, 2014 until on or about June 6, 2014 the defendant's employees and/or agents including but not limited to Dr. Sami Ahmad failed to obtain an informed consent; improperly performed a lysis of adhesions and excisions of right ovarian cyst wall; caused a perforation of the sigmoid colon; failed to timely and properly diagnose and treat intra-operatively the perforation of the sigmoid colon; pre-maturely and improperly discharged the plaintiff from Nassau University Medical Center; caused and failed to prevent plaintiff from going into septic shock; caused and failed to prevent decubitus ulcers and bed sores.

16. As a result of departures of good and accepted medical practices the plaintiff sustained injuries including: perforation of sigmoid colon, septic shock, open abdominal wound, abdominal washout and placement of sterile wound VAC, peritonitis, hemorrhage shock, respiratory failure requiring endotracheal intubation and

ventilatory support, acute renal failure requiring dialysis prolonged ICU stay, perforator feculent peritonitis, drug induced coma, sigmoid resection Hartman procedure central line placement, abdominal washouts, placement of Wittman Patch and abdominal wound vacuum assisted closures, serial abdominal washouts, pneumoperitoneum and fluid in the abdomen, intra-abdominal sepsis, significant scar tissue in entire surrounding part of the abdomen, colostomy, gastritis, abdominal pain, colostomy reversal, incontinence, stage IV pressure ulcers, decubitus ulcers to the sacrum, buttocks, and right foot, abdominal scarring, bilateral breast scars, cardiac injury, right foot injuries, right foot derangement, right lower extremity injuries and deformities including achilles tendonitis equinus contractures, impaired balance, de-conditioning, emotional distress, anxiety disorder, hair loss, malaise and fatigue.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff, LETITIA GREEN, repeats and realleges each and every allegation set forth in paragraphs "1" through "16" of this Complaint, as if set forth at length herein.

18. Upon information and belief that at all times hereinafter mentioned from on or about April 25, 2014 until on or about June 6, 2014 the United States Department of Health & Human Services held out that its physicians, medical staff, agents, servants and employees including Dr. Sami Ahmad were competent and capable of rendering proper care and treatment to the plaintiff, LETITIA GREEN.

19. That from on or about April 25, 2014 until on or about June 6, 2014 the plaintiff, LETITIA GREEN, was a patient of Dr. Sami Ahmad.

20. The malpractice of defendant, its agents, servants and/or employees, including but not limited to Dr. Sami Ahmad consisted of, among other things, in failing and neglecting to properly treat and care for the plaintiff; in failing and neglecting to properly, adequately, timely and correctly treat the plaintiff; in failing to treat and care for the plaintiff in accordance with the standards of care and treatment accepted in the community; in deviating and departing from customary standards of care; in deviating and departing from the good and accepted standards of medical care, surgical care and treatment of the plaintiff; in providing contra-indicated care and treatment; in failing to provide plaintiff with the proper, adequate, required and indicated care and treatment which plaintiff's conditions required; in failing to promptly, properly and adequately recognize, detect and consider the symptoms, signs, complaints and manifestations of said plaintiff's condition; in failing to afford necessary, proper, prompt and required care, treatment, diagnosis, examination, testing and management thereof; in failing to properly, adequately, correctly and timely diagnose; in departing from good and accepted medical practices in pre-surgical, surgical and post-surgical treatment; in failing to properly, promptly and adequately treat the plaintiff; in ignoring plaintiff's condition; in ignoring the plaintiff's signs, symptoms, complaints and condition for a long and unreasonable period of time; in causing,

allowing and permitting plaintiff to be and remain without proper and adequate care and treatment and procedures; in failing to provide the required and appropriate medical, surgical and/or hospital care and treatment which were required by reason of plaintiff's condition before, during and after the surgery; in allowing and permitting the patient to be and remain without proper and adequate treatment and to suffer damage to her anatomy; in failing to undertake proper corrective treatment; in failing to refer the plaintiff to the proper specialists in a timely manner; in performing procedures upon the plaintiff in a careless, negligent and improper manner; in failing to properly care for and advise; in giving contraindicated advices and diagnosis; in exposing plaintiff to danger and harm; in failing to properly provide for the safety and well being of the patient; in failing to obtain an informed consent; in improperly performing a lysis of adhesions and excision of right ovarian cyst wall; in causing a perforation of the sigmoid colon; in failing to timely and properly diagnose and treat intra-operatively a perforation of the sigmoid colon; in failing to timely and properly diagnose and treat post-operatively a perforation of the sigmoid colon; in pre-maturely and improperly discharging the plaintiff; in causing and failing to prevent plaintiff from going into septic shock; in causing and failing to prevent decubitus ulcers and bed sores. Plaintiff will also rely on the doctrine of Res Ipsa Loquitur.

21. That as a result of the foregoing, plaintiff suffered severe injury; became sick and disabled and so remains; was confined to hospital and/or bed and home for a considerable period

of time; was unable to attend to or participate in normal activities; suffered great pain and anguish in body and mind; has been and will be required to undergo aid and attention in an endeavor to be cured and/or alleviated of said injuries, together with the suffering and inconvenience accompanying the same, are permanent in nature and will continue in the future.

22. That by reason of the foregoing, plaintiff has been damaged in the amount of THREE MILLION ($3,000,000.00) DOLLARS plus the costs and disbursements of this action.

WHEREFORE, plaintiff, LETITIA GREEN demands judgment against the defendant in the amount of THREE MILLION ($3,000,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: Forest Hills, New York
       June 10, 2016

MORTON POVMAN, P.C.

BY: Morton Povman, Esq. (MP 4099)
Attorney for Plaintiff
108-18 Queens Boulevard
Forest Hills, New York 11375
(718) 268-3000
mpovman@povman.com

Civ No:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LETITIA GREEN,

                Plaintiff,

   -against-

THE UNITED STATES OF AMERICA,

              Defendant(s),

---

COMPLAINT

---

**MORTON POVMAN, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
**108-18 Queens Boulevard
Forest Hills, New York 11375**
(718) 268-3000

---

**PLEASE TAKE NOTICE:**

___ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of an
duly entered in the office of the clerk in the within named court
on

___ <u>NOTICE OF SETTLEMENT</u>
that an order                 of which the within is true copy
will be presented for settlement to the HON.
one of the judges of the within named Court, at
                      on             19    at    M.

Dated,

                                  Yours, etc.
                                  **MORTON POVMAN, P.C.
                                  Attorney for Plaintiff
                                  108-18 Queens Boulevard
                                  Forest Hills, New York 11375**
                                  (718) 268-3000

To: