SLR:JHK
F# 2016V01946

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

LETITIA GREEN,                                              **ANSWER**

                 Plaintiff,                         Civil Action No.
                                                           16 CV 3037
    -against-
                                                           (Feuerstein, J.)
UNITED STATES OF AMERICA,                                  (Shields, M.J.)

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

      Defendant United States of America ("Defendant"), by its attorney ROBERT L. CAPERS, United States Attorney for the Eastern District of New York, James H. Knapp, Assistant United States Attorney, of counsel, hereby answers the Complaint in this action upon information and belief as follows:

      1.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the paragraph "1."

      2.      Denies the allegations set forth in paragraph "2" of the complaint, and avers that the United States Department of Health and Human Services is an Agency within the executive branch of the United States government.

      3.      Avers that Paragraph 3 purports to set forth the jurisdictional basis for this action, to which no response is necessary.  In addition, to the extent said paragraph sets forth allegations of material fact, Defendant denies those allegations.

      4.      Avers that Paragraph purports to set forth a basis for venue of this action, to which no response is necessary.   In addition, to the extent said paragraph sets forth allegations of material fact, Defendant denies those allegations.

      5.      Avers that on August 17, 2015, the United States Department of Health and

Human Services received an administrative tort claim filed on behalf of Plaintiff; denies any remaining allegations of material fact set forth in the paragraph 5.

     6.     Admits.

     7.     Avers that to the extent that Paragraph 7 purports to state conclusions of law, no response is necessary.   To the extent said paragraph sets forth allegations of material fact, Defendant denies.

     8.     Avers that to the extent that Paragraph 8 purports to state conclusions of law, no response is necessary.   To the extent said paragraph sets forth allegations of material fact, Defendant denies.

     9.     Denies and avers that Long Island Federally Qualified Health Centers, a division of Hudson River Healthcare Inc. ("HRH"), employed Dr. Sami Ahmad; further avers that HRH is a recipient of federal grants pursuant to the Public Health Services Act, under the Federally Supported Health Centers Assistance Act of 1992 ("FSHCCA"), 42 U.S.C. § 233(g)-(n) (2006); and denies any remaining allegations of material fact set forth in the paragraph 9.

     10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the complaint.

     11.     Denies, except admits that Dr. Sami Ahmad treated Plaintiff on April 25, 2014; and denies any remaining allegations of material fact set forth in the paragraph 11.

     12.     Avers that to the extent that Paragraph 12 purports to state conclusions of law, no response is necessary.   To the extent said paragraph sets forth allegations of material fact, Defendant denies.

     13.     Denies, except admits that Dr. Sami Ahmad treated Plaintiff on April 25, 2014;

and denies any remaining allegations of material fact set forth in the paragraph 13.

16.      14.      Denies, except admits that Dr. Sami Ahmad treated Plaintiff on April 25, 2014; and denies any remaining allegations of material fact set forth in the paragraph 14.

15.      Denies.

16.      Avers that to the extent that Paragraph 16 purports to state conclusions of law, no response is necessary. To the extent said paragraph sets forth allegations of material fact, Defendant denies.

17.      Defendant United States of America repeats, reiterates and restates each and every allegation set forth in the preceding paragraphs as if same were fully set forth herein.

18.      Avers that to the extent that Paragraph 18 purports to state conclusions of law, no response is necessary. To the extent said paragraph sets forth allegations of material fact, Defendant denies.

19.      Denies, except admits that Dr. Sami Ahmad treated Plaintiff on April 25, 2014; and denies any remaining allegations of material fact set forth in the paragraph 19.

20.      Avers that, to the extent that Paragraph 20 purports to state conclusions of law, no response is necessary. To the extent said paragraph sets forth allegations of material fact, Defendant denies.

21.      Denies.

22.      Denies.

Defendant denies each and every allegation in the complaint to the extent not admitted or otherwise responded to herein.

**AS AND FOR A FIRST DEFENSE**

4

Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

## AS AND FOR A FOURTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## AS AND FOR A THIRD DEFENSE

The United States acted reasonably at all times and has breached no duty of care owed to plaintiff.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's injuries, if any, were sustained without any negligence or fault or want of care on the part of the United States.

## AS AND FOR A FIFTH DEFENSE

The United States cannot be liable for attorneys' fees except as in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2678.

## AS AND FOR A SIXTH DEFENSE

The United States cannot be liable for interest prior to the entry of judgment or for punitive or special damages.

## AS AND FOR A SEVENTH DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the plaintiff.

## AS AND FOR AN EIGHTH DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the FTCA.

## AS AND FOR AN NINTH DEFENSE

In the event the United States of America is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiff's alleged injury, cutting off the legal effect of the United States' alleged negligence.

## AS AND FOR AN TENTH DEFENSE

If plaintiff is entitled to recover against the United States by reason of the matters of negligence alleged in the Complaint, which the United States denies, then plaintiff was comparatively negligent, and any recovery by plaintiff must be diminished in proportion to her

negligence, in accordance with New York Civil Practice Law and Rules § 1411.

## AS AND FOR A ELEVENTH DEFENSE

In the event plaintiff recovers a verdict or judgment against the United States, then said verdict or judgment must be reduced pursuant to § 4545 of the New York Civil Practice Law and Rules ("CPLR"), and any other applicable New York state law, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified to plaintiff, in whole or in part, for any past or future economic loss arising from the incidents alleged in the Complaint, from any collateral source such as insurance, Social Security, Workers Compensation, veterans' benefits, or employees benefit programs.

## AS AND FOR A TWELFTH DEFENSE

The liability of the United States, if any, with respect to any claim by plaintiff for non-economic loss is subject to the limitations set forth in New York CPLR § 1600 et seq., to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom plaintiff could have obtained jurisdiction with due diligence.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages specified in the administrative claim pursuant to 28 U.S.C. § 2675(b).

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff has no right of recovery under New York Insurance Law § 5101, *et seq*., because he has not sustained economic loss greater than basic economic loss and he has not sustained a

serious injury.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

### AS AND FOR A SIXTEENTH DEFENSE

**WHEREFORE**, Defendant demands that this Court dismiss the Plaintiff's complaint, grant Defendant its costs and expenses for the defense of this action, and grant Defendant any such other and further relief as this Court may deem just and proper.

Dated: Central Islip, New York
       August 25, 2016

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York
                                        Attorney for Defendant
                                        610 Federal Plaza
                                        Central Islip, New York 11722

                              By:       _s/ James H. Knapp_____
                                        JAMES H. KNAPP (JK – 5517)
                                        Assistant United States Attorney
                                        (631) 715-7879

To:    Bruce Povman, Esq.
       Law Office of Morton Povman, P.C.
       Attorneys for Plaintiff
       108-18 Queens Boulevard
       Forest Hills, New York 11375